

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY | Order Filed on May 31, 2022 by Clerk U.S. Bankruptcy Court District of New Jersey |
| McCABE, WEISBERG & CONWAY, LLC<br>By: Andrew M. Lubin, Esq. (Atty. I.D.#AL0814)<br>216 Haddon Avenue, Suite 201<br>Westmont, NJ 08108<br>MWC 21-200109<br>856-858-7080<br>Attorneys for Movant: Fifth Third Bank, National Association | |
| In re:<br>Salvatore Caravello, Jr. and<br>Tara Caravello<br>      Debtors | Case No.: 21-14200-MBK<br>Chapter: 13<br>Judge: Michael B. Kaplan<br>Hearing Date: May 25, 2022<br>Time: 9:00 a.m. |

## ORDER ON MOTION FOR AUTHORIZATION TO ENTER INTO PAYMENT DEFERRAL AGREEMENT (CHAPTER 13)

The relief set forth on the following pages, number two (2) through two (2) is hereby

**ORDERED**

**DATED: May 31, 2022**

*Honorable Michael B. Kaplan*
United States Bankruptcy Judge

The Court having reviewed the Motion for Authorization to Enter into Payment Deferral Agreement filed on <u>March 30, 2022</u>, as to the first mortgage concerning real property located at 540 Bryn Mawr Drive, Brick, New Jersey 08723, and the Court having considered any objections filed to such motion, it is hereby ORDERED that:

The debtors are authorized to enter into the payment deferral agreement.

1) The Payment Deferral Agreement must be fully executed no later than 14 days from the date of this order. If it is not, the secured creditor, within 14 days thereafter, must file with the Court and serve on the debtor, debtor's attorney, if any, and the standing trustee a Certification indicating why the agreement was not fully executed. A response by the debtor, if any, must be filed and served within 7 days of the filed date of the secured creditor's Certification; and

2) Upon the filing of the Certification required above, and absent a response from the debtor, the standing trustee may disburse to the secured creditor all funds held or reserved relating to its claim. Absent the filing of the Certification within the time frame set forth above, the standing trustee will disburse funds on hand to other creditors pursuant to the provisions of the confirmed Plan and any proof of claim filed in this case with respect to the mortgage is deemed modified and incorporated into the Payment Deferral Agreement; and

3) Unless the debtor's Plan has been confirmed with 100% paid to unsecured creditors, the debtor must file a Modified Chapter 13 Plan and Motions within 14 days of this Order. If the payment deferral agreement results in material changes in the debtors' expenses, the debtors must also file amended Schedules I and J within 14 days of the date of this Order; and

2) Check one:
   \_ There is no order requiring the debtor to cure post-petition arrears through the Plan; or

   <u>X</u> Post-petition arrears are included into the payment deferral agreement, and the Order filed on <u>March 1, 2022</u>, requiring the Standing Trustee to make payments based on the arrearage is vacated as of the date of this Order; or

   \_\_ Post-petition arrears have not been capitalized into the payment deferral agreement, and the Standing Trustee will continue to make payments to the secured creditor based on the Order filed on _____; and

3) If fees and costs related to loss mitigation/payment deferral agreement are sought by the debtors' attorney, an Application for Compensation in compliance with D.N.J. LBR 2016-1 must be filed.

4) The pre-petition arrears as listed on Movant's Proof of Claim at Claims Register 10-1 are incorporated into the Payment Deferral Agreement and the Chapter 13 Trustee shall not pay the pre-petition arrears.

The Motion for Authorization to Enter into Payment Deferral Agreement is denied.